# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Bernard L. Thompson, Plaintiff Below,**
**Petitioner**

**vs) No. 14-1058** (Summers County 12-C-43)

**Lunia W. Thompson, Defendant Below,**
**Respondent**

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Bernard L. Thompson, by counsel Paul Detch, appeals the Circuit Court of Summers County's September 12, 2014, order that granted respondent a directed verdict. Respondent Lunia W. Thompson, by counsel E. Kent Hellems, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 23, 1985, the parties entered into a written contract for the sale of their father's automobile.[1] The contract provided that:

> I[,] L. Wilson Thompson [respondent], on this 23 day of Oct. 1985, do agree to purchase one 1948 Ford Truck, serial number; 56430 for $500.00 from Bernard L. Thompson [petitioner]. I will keep a record book of each and every dollar spent towards restoration of the truck. No charge for any of my labor.
>
> If I should ever decide to sell the said truck, or in case of my death, said truck will go back to Bernard L. Thompson or his family; wife, son, daughter, grandchildren, or brothers, ect . . . at the price of $500.00 plus recorded dollars spent on restoration of the truck.
>
> And I do promise to keep said truck in first class antique condition.

In August of 2012, petitioner filed a petition for recovery of personal property and petition for an injunction alleging that respondent breached the contract for failing to maintain

---

[1]Petitioner and respondent are siblings.

1

the vehicle in "first class antique condition." The circuit court held a bench trial in August of 2014. Thereafter, the circuit court entered an order granting respondent a directed verdict.

On appeal, petitioner argues that the circuit court erred in granting respondent a directed verdict because he failed to keep the truck in first class antique condition, which was a clear and unambiguous term of the contract. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure,* then-Chief Justice Menis E. Ketchum specifically noted in paragraph 2 that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, paragraph 7 states that "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is woefully inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. Petitioner's brief does not contain an argument exhibiting the law presented, the applicable standard of review, cite to any legal authorities relied on, or contain any specific citations to the record.[2] Thus, we decline to address petitioner's assignment of error as it was not properly developed on appeal.

For the foregoing reasons, we dismiss.

Dismissed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2]We note that petitioner's counsel cited to the appendix record one time in his brief.